UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MIGUEL ANTONIO MONDACA,<br><br>　　　　　　Defendant. | NO: 2:21-CR-0130-TOR<br><br>ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION FOR JUDGMENT OF ACQUITTAL |

BEFORE THE COURT is Defendant's Motion for New Trial and/or Renewed Motion for Judgment of Acquittal. ECF No. 93. The United States is represented by AUSAs Alison L. Gregoire and Ann T. Wick. Defendant is represented by Corwin A. Townsend and Christian Phelps. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. Pursuant to Local Rule, the Court has determined that oral argument is unnecessary.

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION FOR JUDGMENT OF ACQUITTAL ~ 1

# BACKGROUND

Defendant was charged by Superseding Indictment and went to trial on four counts: Child Sex Trafficking and Attempted Child Sex Trafficking (Count 1), Online Enticement and Attempted Online Enticement (Court 2), Production of Child Pornography (Count 3), and Receipt of Child Pornography (Count 4). ECF No. 49. The Superseding Indictment charged five crimes, but the Government dismissed one of the counts. ECF No. 63. So as not to confuse the jury, the Court renumbered the counts for trial.

On October 11, 2022, the jury trial began. On October 13, 2022, the jury returned a verdict of guilty as to all four counts. ECF No. 80. Defendant now moves for a new trial, raising the following three issues:

1. Defendant was substantially prejudiced by the District Court's error in excluding relevant evidence on cross-examination pertaining to the identity of another suspect who was communicating with the victim.

2. Defendant suffered substantial prejudice and was denied his Sixth Amendment right to confront witnesses through the Government's prosecutorial misconduct and the District Court's erroneous ruling precluding Defendant from cross-examining the case agent concerning the victim's forensic interview.

3. The District Court erred by failing to grant Defendant's motion for judgment of acquittal as to Counts 1, 2, and 3, as there was insufficient evidence offered at trial to convict Defendant on these counts.

ECF No. 93.

The Government opposes Defendant's motion. ECF No. 98.

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION FOR JUDGMENT OF ACQUITTAL ~ 2

**DISCUSSION**

Federal Rule of Criminal Procedure 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." A Rule 33 motion for a new trial can be when "a serious miscarriage of justice may have occurred." *United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). A new trial "should be granted 'only in exceptional cases in which the evidence preponderates heavily against the verdict.'" *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal citation omitted).

Sufficient evidence to support a conviction exists if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

**I.    Exclusion of Cross-Examination Regarding Another Person Who Communicated with the Victim**.

Defendant contends he is entitled to a new trial because the Court precluded him from cross-examining Detective McDonald about whether Defendant threatened the victim's family and whether Defendant was the only person the victim called master.

//

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION FOR JUDGMENT OF ACQUITTAL ~ 3

1  On direct examination, the Government asked why Detective McDonald
2  went through the messaging on the victim's phone. Detective McDonald
3  answered:

4  Because there was - - it was information that we had that there was one person in particular that she was talking to that had made
5  threats towards her, that she had to comply with certain demands, producing specific sexually explicit videos and sending them, and it
6  was one person in particular that they were gravely concerned about.
7

8  ECF No. 97-2 at 11. Nowhere else does the word "threat" appear in direct
9  examination of Detective McDonald.
10  A review of the transcript of the testimony at trial does not support
11  Defendant's argument. The defense extensively cross-examined Detective
12  McDonald and established that no physical evidence—texts or chat logs—
13  documented any threats made by Defendant. ECF No. 97-2 at 76-90. However,
14  the defense continued to ask who made threats to the safety of the victim and her
15  family and Detective McDonald answered that the victim verbally confirmed those
16  threats came from the Defendant. *Id*. at 78-79.
17  The Defendant also contends that he was entitled to cross-examine Detective
18  McDonald to establish that the victim called another person master, just like she
19  called the Defendant master. On cross-examination it was established that the
20  victim was talking to more than one person on social media accounts—"there was

1  actually a couple." *Id*. at 74.  However, the evidence introduced at trial showed

2  that the Defendant reminded the victim that she was always supposed to refer to

3  him as master—"say yes Master instead of ok from now [on] kitty".  *Id*. at 39.

4  Defendant contends that it was another "master" that threatened her but cites to no

5  evidence or testimony at trial that the victim said "master" threatened her.

6  Detective McDonald did not testify that "master" threatened her.

7      The Defendant contends that Detective McDonald lied to the jury by

8  testifying that the Defendant known as "Master" threatened the victim and her

9  family.  On cross-examination, Detective McDonald asked to refresh his

10 recollection by looking at his reports and then clarified that the victim verbally

11 confirmed that the threats were made by the Defendant.  *Id*. at 78-79 (without ever

12 using the term "master").

13     While not introduced into evidence at trial, the Government has proffered

14 evidence from discovery that shows the victim confirmed the threats came from

15 Defendant, specifically, the guy who kept having me call him master.  This

16 statement was made in a video recorded interview of the victim.  Disc # 4 filed

17 under seal.  When questioned to clarify, the victim says the person with the screen

18 name "Kitty".  Obviously, the Kitty screen name belongs to Defendant—

19 "HiKittyCaretaker" not "Llark59."

20 //

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION FOR JUDGMENT OF ACQUITTAL ~ 5

Defendant makes specious assertions of misconduct but provides absolutely no evidence to support those assertions.

Furthermore, Federal Rule of Evidence 412 does not allow Defendant to cross-examine Detective McDonald concerning the victims contact with others, her sexual history or misconduct. The evidence introduced against the Defendant consisted of conversations he had with the victim. On the facts of this case, it is irrelevant whether the victim called another person master or whether other persons wanted to engage in sex acts with the victim. The Court repeats that this line of questioning was also properly excluded under Rule 412 as to timeliness, lack of notice, and for an improper purpose. ECF No. 97-4 at 7-10. No error has been shown

## II. Exclusion of Cross-Examination of Case Agent Concerning Victim's Interview.

The Defendant contends that defense counsel asked Detective McDonald whether he had learned during the victim's forensic interview that the person who had made threats towards the victim and her family was an individual identified as "Master." ECF No. 104 at 17. That never happened. A review of the trial transcript only shows the following partial question asked by defense:

> So at some point, you learned – you agree that in the interview, it was suggested that the person who had made these threats to her had - - "

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION FOR JUDGMENT OF ACQUITTAL ~ 6

ECF No. 97-2 at 86.

The Court sustained the Government's objection based on hearsay. *Id*. The defense never proffered a valid reason for finishing the question, never explained the evidentiary backdrop, nor offered a valid evidentiary basis for the answer to the uncompleted question. Given that the victim clarified in her recorded interview and specifically identified the threat as coming from the person using the screen name "Kitty", as discussed above, no error has been shown.

### III. Sufficiency of the Evidence to Sustain Convictions on Counts 1, 2, and 3.
#### A. Attempted Child Sex Trafficking

Defendant contends there was insufficient evidence to support a conviction for Attempted Child Sex Trafficking (Count 1). Defendant essentially contends that words alone are not enough to convict.

Final Instruction number 14 sets forth the elements the Government had to prove beyond a reasonable doubt to convict Defendant of Attempted Child Sex Trafficking. ECF No. 78. As recounted by the Government in its Response, this case was not based on words alone. Defendant knowingly intended to recruit, entice, or solicit the victim to engage in a commercial sex act by, inter alia, receiving numerous nude photos and videos of the victim at his demand, explaining that he was going to start advertising her, stating he was going to kidnap

1  her and most importantly, purchasing an airplane ticket from Arizona to Spokane
2  for the purpose of completing his crime.
3      Viewing the evidence in the light most favorable to the prosecution, any
4  rational trier of fact could have found the essential elements of the crime beyond a
5  reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

### B. Online Enticement and Attempted Online Enticement

7      Defendant contends there was insufficient evidence to support a conviction
8  for online enticement (Count 2).
9      Final Instruction number 15 sets forth the elements the Government had to
10 prove beyond a reasonable doubt to convict Defendant of Online Enticement and
11 Attempted Online Enticement. ECF No. 78. The evidence clearly showed that
12 Defendant used and attempted to use a means or facility of interstate commerce,
13 that is the Internet, to knowingly persuade, induce, entice, or coerce the victim to
14 engage in sexual activity for which a person can be charged with a criminal
15 offense, including sexual intercourse. Defendant clearly did something that was a
16 substantial step toward committing the crime by receiving numerous nude photos
17 and videos of the victim at his demand, explaining that he was going to have sex
18 with her, stating he was going to kidnap her and most importantly, purchasing an
19 airplane ticket from Arizona to Spokane for the purpose of completing his crime.
20

ORDER DENYING MOTION FOR NEW TRIAL AND RENEWED MOTION FOR JUDGMENT OF ACQUITTAL ~ 8

Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

**C. Production of Child Pornography**

Defendant contends there was insufficient evidence to support a conviction for Production of Child Pornography (Count 3).

Final Instruction number 16 sets forth the elements the Government had to prove beyond a reasonable doubt to convict Defendant of Production of Child Pornography. ECF No. 78. The Defendant clearly employed, used, persuaded, or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct as evidenced by his communications to her and her providing numerous nude photos and videos of herself at his demand.

Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

//

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for New Trial and/or Renewed Motion for Judgment of Acquittal, ECF No. 93, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED December 7, 2022.



THOMAS O. RICE
United States District Judge